UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Lee Neal #185440, | ) | C/A No.  4:15-3730-GRA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Greenville County, | ) | |
| Major Marshall Stowers, | ) | |
| Scotty Bodiford, | ) | |
| Ronald D. Hollister, | ) | |
| John Vandermosten, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff is a pre-trial detainee at the Greenville County Detention Center. The individual defendants are officers at the Greenville County Detention Center. This civil rights action arises out Plaintiff's dissatisfaction with his access to the inmate telephone system at the Greenville County Detention Center. In his prayer for relief, the plaintiff seeks, inter alia, $25,000 in damages.

Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.[1] The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Maryland House of Correction,

---

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02, D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

64 F.3d 951 (4th Cir.1995) (en banc ); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979) (recognizing the district court's authority to conduct an initial screening of any pro se filing); Loe v. Armistead, 582 F.2d 1291 (4th Cir.1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978). The plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam ); Hughes v. Rowe, 449 U.S. 5, 9–10 & n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam ); and Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir.1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. Ashcroft v. Iqbal, ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in Silva v. Spencer, No. 08–cv–1686–H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D.Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990).

## Discussion

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 1230 (2002). The above-captioned case is subject to

summary dismissal because prisoners do not have a federal constitutional right to unlimited

telephone use. See Mooney v. Anderson, 2009 WL 3739354 (D. S.C. 2009)(summary dismissal of

Section 1983 action arising out of a decision to turn off the inmate telephone system at the

Greenwood County Detention Center on September 22, 2009).  In Gore v. Thompson, 2009 WL

2972935 (D.S.C. 2009), the District Court adopted the Report and Recommendation of the

Magistrate Judge assigned to the case, which noted:

> For the same reason, any claim that [Plaintiff] was denied telephone use at his request does not rise to a constitutional claim, as prisoners do not have a constitutional right to unlimited telephone use. See Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir.1992) (holding that "[a]lthough prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use") (citing Bounds v. Smith, 430 U.S. 817, 823, 832, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).

Gore v. Thompson, 2009 WL 2972935 at *4.3

Although Gore v. Thompson concerned a convicted state inmate, similar case law applies

to pre-trial detainees.[2] See Kemp v. Petray, Civil No. 07–5056, 2009 U.S. Dist. LEXIS 75849, 2009

---

[2]Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. Id. (citing Bell, 441 U.S. at 53). " '[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir.1991) (quoting Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir.1991)).

WL 2709921 (W.D.Ark., Aug. 26, 2009):

> Detainees do not have a right to unlimited telephone use. Benzel v. Grammar, 869 F.2d 1105, 1108 (8th Cir.1989). Telephone access may be restricted so long as the restrictions are reasonable and are rationally related to legitimate security interests. Id. See also Martin v. Tyson, 845 F.2d 1451, 1458 (7th Cir.1988) (upholding policy limiting pre-trial detainee's telephone access to every other day).

Kemp v. Petray, 2009 WL 2709921 at *4. See also Stamper v. Campbell County, Kentucky, 2009 WL 2242410, *4 (E.D.Ky. 2009) (collecting cases).

Recommendation

It is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.  See Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| October 28, 2015 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

The plaintiff's attention is directed to the Notice on the next page.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).